UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO PALAFOX,<br><br>Plaintiff<br><br>v.<br><br>NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 2:16-CV-02248-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Francisco Palafox ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 12 and 14] and briefs addressing disputed issues in the case [Dkt. 18 ("Pltf.'s Br.") and Dkt. 19 ("Def.'s. Br.")]. The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

---

[1] Nancy A. Berryhill, the Acting Commissioner of the Social Security Administration, is hereby substituted as the defendant in this action pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On June 20, 2013, Plaintiff protectively filed applications for DIB and SSI, alleging disability as of May 15, 2010. [Dkt. 17, Administrative Record ("AR") 9, 218-38, 240-42.] Plaintiff's applications were denied at the initial level of review and on reconsideration. [AR 114-18, 121-26.] Plaintiff requested a de novo hearing. [AR 128.] Administrative Law Judge Troy Silva ("the ALJ") conducted a hearing on July 31, 2015. [AR 26-49.] On August 21, 2015, the ALJ issued an unfavorable decision. [AR 9-19.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1); 416.920(b)-(g)(1). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. [AR 11.] At step two, the ALJ found that Plaintiff suffered from the severe impairments of diabetes mellitus, hypertension, seizure disorder, abdominal scarring with recurring hernias, depression, and anxiety. [*Id.*] At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations, ("the Listings"). [AR 12]; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1. Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with the following limitations:

> [Plaintiff] can lift and/or carry 20 pounds occasionally and 10 pounds frequently. [He] can push and pull within those limitations. [He] can stand and/or walk for 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday. [He] can frequently climb ramps or stairs. [He] cannot climb ladders, ropes, or scaffolds. [He] can frequently kneel, crouch, and crawl. [He] can occasionally bend and stoop. [He] would require seizure precautions such as no work at heights, around hazards, or around open bodies of

> water. [He] can perform non-public simple repetitive tasks with only non-intense and superficial interactions with others.

[AR 13-14.] Applying this RFC, the ALJ found that Plaintiff was unable to perform any past relevant work, but based on Plaintiff's age, education, and work experience, he was capable of making a successful adjustment to other work existing in significant numbers in the national economy, including work as a small parts assembler, garment folder, and seam presser and, thus, is not disabled. [AR 17-19.]

The Appeals Council denied review of the ALJ's decision on September 13, 2016. [AR 1-3.] This action followed.

### III.  GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV.  DISCUSSION

Plaintiff contends that the ALJ: (1) erred in the consideration of his treating physician's opinion; (2) erred in the assessment of his credibility; and (3) erred in the assessment of the lay witness testimony. [Pl. Memo at 1-10.] As set forth below, the Court agrees with Plaintiff, in part, and remands the matter for further proceedings.

**A. The ALJ Failed To Properly Consider The Treating Physician's Opinion**

Plaintiff contends that the ALJ erred in evaluating the opinion of his treating

3

physician, Dr. Savadore E. Lasala. [Pltf.'s Br. at 2-5.] The Court agrees.

When a treating physician's opinion is uncontroverted, an ALJ must provide "clear and convincing" reasons to reject it. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where, as in this case, a treating physician's opinion is contradicted by that of another doctor, the ALJ must provide "specific and legitimate" reasons that are supported by substantial evidence in the record to reject it. *Id.* at 830-31; *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1298-99 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Here, the record shows that Dr. Lasala treated Plaintiff for complaints of anxiety, depression, and poor sleep from February 2014 through May 2015. [AR 379-82, 474-536.] Dr. Lasala diagnosed Plaintiff with depressive disorder NOS and posttraumatic stress disorder. [AR 381, 479.] Plaintiff's mental status examinations reflected an anxious mood and poor insight, but Plaintiff reported improved mood, energy, and motivation beginning in September 2014, improved sleep in May 2015, and no side effects from medication. [AR 16, 478-84, 487, 489, 493-500, 503-04.] In June 2015, Dr. Lasala completed a form titled "Medical Opinion [Re:] Ability to do Work Related Activities (Mental)." [AR 520-21.] Dr. Lasala checked boxes on the form indicating that Plaintiff's mental abilities and aptitudes for performing unskilled, semi-skilled, and skilled work were "seriously limited but not precluded" in 21 out of 25 areas.[2] [AR 520-21.] Dr. Lasala further opined that Plaintiff's

---

[2] Dr. Lasala opined that Plaintiff's mental abilities and aptitudes for performing unskilled work were "seriously limited but not precluded" in 15 out of 16 areas, as follows: remembering work-like procedures; understanding and remembering very short and simple instructions; carrying out very short and simple instructions; maintaining attention for 2 hour segments; maintaining regular attendance and being punctual within customary, usually strict tolerances; sustaining an ordinary routine without special supervision; working in coordination with or proximity to others without being unduly distracted; making simple work-related decisions; completing a normal workday and workweek without interruptions from psychologically based symptoms; performing at a consistent pace without an unreasonable number and

4

impairments would cause him to be absent from work more than three times a month. [AR 521.]

In the decision, the ALJ discounted Dr. Lasala's opinion without providing specific, legitimate reasons. First, the ALJ found that Dr. Lasala's assessment of Plaintiff's work-related limitations and opinion that Plaintiff needs to be absent from work more than three times a month were not supported by "[t]he medical evidence of record as a whole." [AR 16.] This reason was an inadequate basis for rejecting Dr. Lasala's opinion because it fails to reach the level of specificity required for rejecting a treating source opinion. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required . . . The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.") (footnote omitted). While the ALJ summarized Dr. Lasala's findings in the decision, the ALJ failed to specifically explain how they conflicted with Dr. Lasala's assessment of Plaintiff's work-related limitations or why he disagreed with Dr. Lasala's opinion that Plaintiff would miss more than three days of work per month. *Id.*

Second, the ALJ stated that he assigned "significant weight" to the opinions

---

length of rest periods; accepting instructions and responding appropriately to criticism from supervisors; getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; responding appropriately to changes in a routine work setting; dealing with normal work stress; and being aware of normal hazards and taking appropriate precautions. [AR 520.] With regard to Plaintiff's ability to perform semi-skilled and skilled work, Dr. Lasala opined that Plaintiff's mental abilities and aptitudes were "seriously limited but not precluded" in 6 out of 9 areas, including: understanding and remembering detailed instructions; carrying out detailed instructions; setting realistic goals or making plans independently of others; dealing with stress of semiskilled and skilled work; interacting appropriately with the general public; and maintaining socially appropriate behavior. [AR 521.]

5

of the consultative psychological examiner and State agency medical consultants who found that Plaintiff had no more than moderate limitations in social functioning and maintaining concentration, persistence, and pace. [AR 16-17.] Although Dr. Lasala's opinion was contradicted by other doctors, the ALJ could not reject his opinion without providing specific, legitimate reasons supported by substantial evidence in the record. *See Valentine v. Commissioner*, 574 F.3d 685, 692 (9th Cir. 2009) ("to reject the opinion of a treating physician 'in favor of a conflicting opinion of an examining physician[,]' an ALJ still must 'make[ ] findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record'") (quoting *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)); *Lester*, 81 F.3d at 830-31. The ALJ's mere references to the contrary findings of the examining and non-examining doctors did not justify rejection of Dr. Lasala's opinion.

In response, the Commissioner suggests that the ALJ properly rejected Dr. Lasala's opinion because his "own treatment notes did not support his functionality opinion" and his assessment was completed on "a checkbox form created in-house and submitted to him by Plaintiff's attorney." [Def.'s Br. at 1.] The ALJ, however, did not rely on these reasons to discredit Dr. Lasala's opinion. The ALJ's decision cannot be affirmed based on the Commissioner's post hoc rationalizations. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require [the Court] to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency"). Accordingly, reversal is warranted.[3]

---

[3] The Court has not reached the remaining issues raised by Plaintiff

## V. CONCLUSION

When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 874 F.3d 1130, 1132 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Commissioner*, 775 F.3d 1090, 1099 (9th Cir. 2014). But the Court does have discretion to make a direct award of benefits under the "credit-as-true" rule, which asks whether: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Each part of this three-part standard must be satisfied for the Court to remand for an award of benefits, *id.*, and it is only the "unusual case" that meets this standard, *Benecke*, 379 F.3d at 595. *See, e.g.*, *Treichler*, 775 F.3d at 1105 ("[A] reviewing court is not required to credit claimants' allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony."). Moreover, if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled," a court must remand for further proceedings "even though all conditions of the credit-as-true rule are satisfied." *Garrison*, 759 F.3d at 1021; *see also Leon*, 874 F.3d at 1133 ("an award under [the credit-as-true] rule is a rare exception, and the rule was intended to deter

---

regarding whether the ALJ properly assessed Plaintiff's credibility and properly considered the testimony of the lay witness, except as to determine that reversal with the directive for the immediate payment of benefits would not be appropriate at this time. However, the ALJ should address Plaintiff's additional contentions of error in evaluating the evidence on remand.

ALJs from providing boilerplate rejections without analysis"); *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (as amended) ("The touchstone for an award of benefits is the existence of a disability, not the agency's legal error.").

Here, questions as to the extent of Plaintiff's impairments remain unresolved, given the ALJ's insufficient consideration of Dr. Lasala's opinion. Further proceedings would be useful to allow the ALJ to resolve conflicts in the medical evidence, clarify his assessment of Dr. Lasala's opinion, and reevaluate Plaintiff's RFC in light of the medical evidence. And despite the ALJ's failure to properly explicate his evaluation of Dr. Lasala's opinion, the Court, after reviewing the record, believes that this case raises serious doubt as to whether Plaintiff is, in fact, disabled. *See Garrison*, 759 F.3d at 1021. Therefore, remand for further proceedings is required. *See Treichler*, 775 F.3d at 1107; *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003).

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter is REMANDED for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: December 12, 2017

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE